CLARK, J.
Jeff David Bradford, a state prisoner serving the life sentence imposed in 1974 by the Seventeenth Judicial Circuit in and for Broward County, appeals the trial court’s denial of the writ of habeas corpus. Bradford sought the writ to challenge the Florida Parole Commission’s continuation of its suspension of his Presumptive Parole Release Date and its conclusion, pursuant to section 947.18, Florida Statutes, that the Commission “has been unable to find that there is a reasonable probability that, if you are released on parole, you will live and conduct yourself as a respectable and law-abiding person and that your release will be compatible with your own welfare and the welfare of society.”
Bradford originally filed his petition for writ of habeas corpus in the Second Judicial Circuit Court in and for Leon County, and that court transferred the action to the Third Judicial Circuit Court in Lafayette County, pursuant to section 79.09, Florida Statutes. On appeal, Bradford seeks reversal of the trial court’s order on grounds that the Third Judicial Circuit Court lacked subject matter jurisdiction over his case and that Lafayette County was an improper venue.
The proper venue for petitions for habe-as corpus is set out in section 79.09, Florida Statutes, which requires the filing of such petitions in “the circuit court in the county in which the prisoner is detained.”
Considering the circuit court’s jurisdiction, all circuit courts have jurisdiction over writs of habeas corpus. Fla. Const. Art. V, § 5(b)(cireuit courts shall have power to issue writs of habeas corpus; jurisdiction shall be uniform throughout the state). Accordingly, while the trial *1181 court’s order denying the writ of habeas corpus went into great detail and addressed matters beyond the scope of whether Bradford is being detained by the State without lawful authority (see § 79.01, Fla. Stat.), the circuit court’s denial of the writ was certainly within the court’s jurisdiction and the action was located in the proper venue. Appellant has shown no error in the trial court’s denial of the writ of habeas corpus.
AFFIRMED.
LEWIS and MARSTILLER, JJ., concur.